**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| FARMERS INSURANCE EXCHANGE as Subrogee of CHEROKEE COLOR CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | |
| CHEROKEE COLOR CORPORATION, | ) ) | Case No. 05-CV-451-SAJ |
| Plaintiff/Intervenor, | ) ) | |
| vs. | ) ) | |
| INSITUFORM TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

## OPINION & ORDER

Now before the Court is a Motion for Summary Judgment filed on behalf of Defendant Insituform Technologies, Inc., ("I.T."). [Docket No. 65].  Also before the Court is Plaintiff's Motion to Strike Affidavit of Kenneth Harris. [Docket No. 68].  The Court denies both motions for the reasons set forth herein.

### I.  SUMMARY JUDGMENT STANDARD

Summary judgment pursuant to Fed.R.Civ.P. 56 is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to a  judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Windon Third Oil & Gas v. FDIC*, 805 F.2d 342 (10th Cir. 1986).  In Celotex, the court stated:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 317 (1986).  To survive a motion for summary judgment, nonmovant "must establish that there is a genuine issue of material facts..."  Nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita v. Zenith, 475 U.S. 574, 585 (1986).  The evidence and inferences therefrom must be viewed in a light most favorable to the nonmoving party.  *Conaway v. Smith*, 853 F.2d 789, 792 n. 4 (10th Cir. 1988).  Unless the moving party can demonstrate their entitlement beyond a reasonable doubt, summary judgment must be denied.  *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

The Tenth Circuit Court of Appeals stated:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and   . . . the moving party is entitled to a judgment as a matter of law." . . . Factual disputes about immaterial matters are irrelevant to a summary judgment determination . . . We view the evidence in a light most favorable to the nonmovant; however, it is not enough that the nonmovant's evidence be "merely colorable" or anything short of "significantly probative."

* * *

A movant is not required to provide evidence negating an opponent's claim . . . [r]ather, the burden is on the nonmovant, who "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." . . . After the nonmovant has had a full opportunity to conduct discovery, this burden falls on the nonmovant even though the evidence probably is in possession of the movant. (Citations omitted.)

*Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992).

## II. UNDISPUTED MATERIAL FACTS

The undisputed material facts for purposes of this motion—taken from the record

submitted by both parties on summary judgment—are as follows:

1. On January 8, 2003, the City of Tulsa entered into a contract with I.T.

2. The contract called for I.T. to perform upgrades and repairs to the sewer systems by installing new liners in the old sanitary lines found in the concrete alley outside the building leased by Cherokee Color Corporation ("Cherokee") at 1715 East 2nd Street, Tulsa, OK 74119.

3. I.T.'s sewer rehabilitation work on the city easement behind Cherokee's building began on October 14, 2003, and was completed on October 15, 2003.

4. For the purpose of installing a liner in the existing sewer pipe, I.T. excavated a portion of the alley to gain access to the existing sewer pipe line.

5. After completing the necessary repairs, I.T. refilled and repaved the excavated portion of the alley using a Wacker vibratory roller weighing at least 1 ½ tons.

6. During I.T.'s use of the vibratory roller on October 15, 2003, Dan Matlock—a principal of Cherokee—approached I.T.'s job foreman, Ken Harris, to advise him that the vibrations were being felt inside of the building.[1]

7. The laying of the asphalt was in the specifications provided by the City of Tulsa.

8. Cherokee claims that on October 15, 2003, vibrations emitted from the vibratory roller utilized by I.T. and caused damage to Cherokee's printing and optical equipment, namely its Hell Chromagraph CP341 Scanner and Cherokee's Optronics Intergraph Color Scanner.

---

[1] Dan Matlock testifies that when he approached I.T.'s foreman Ken Harris, he was asleep in the driver's seat of a white truck with a straw hat over his face.  Ken Harris testifies that he "could've been napping or something."

In addition to the facts presented to the Court by Defendant, I.T., in its motion for summary judgment, twenty additional facts have been asserted by Plaintiff, Farmers Insurance Exchange, in its response.  After a review of these additional facts,[2] the Court concludes that the additional submitted facts need not be addressed at this time.

### III. ARGUMENT AND AUTHORITIES

All parties to this lawsuit agree that this case turns on the claim of negligence. Viewing the evidence in the light most favorable to the Plaintiff and Plaintiff Intervenor, the Court holds that there is factual evidence submitted to this Court by which a reasonable jury could find the defendant negligent.  Of the four elements in negligence—duty, breach of duty, causation (actual and proximate), and harm—two elements appear to be undisputed: (1) causation, and (2) harm.  Plaintiff Intervenor's equipment was damaged, and this damage was purportedly caused by vibrations emanating from the vibratory roller machine utilized by Defendant.

As to the remaining elements of negligence, the Court finds that the contract between Defendant and the City of Tulsa requiring work to be performed by Defendant imposed an enforceable duty on Defendant which arise under the contract and the common law.  Plaintiff cites to examples of key contractual provisions that give rise to this duty including:

---

[2]

 The additional facts (as numbered in Plaintiff's response brief) can be characterized as follows: (1) FACTS 10-15 cite to specific contractual language between I.T. and the City of Tulsa, (2) FACTS 16-18 address Cherokee's alleged lack of notice from I.T. before the work began, (3) FACTS 19-22 deal with the supervision by I.T.'s foreman while the vibratory roller was being utilized in the alley behind the building occupied by Cherokee, (4) FACTS 23-25 describe the work performance as contemplated under the contract, (5) FACTS 26-29 detail alleged use of the vibratory roller outside the scope of the contract.

(1) Defendant was to "plan and conduct construction operations to avoid disturbing existing structures" (*Contract for Construction of Public Improvements*, p. D1-1(2)),

(2) Defendant was to "protect adjacent portions of work and existing facilities from damage due to cutting and patching operations" (*Contract for Construction of Public Improvements*, p. D1-2(2)), and

(3) Defendant was to "[c]oordinate surface restoration with the affected private property owners and the Owner." (*Contract for Construction of Public Improvements*, p. D2-2(1)).

In *Rose v. Sapulpa Rural Water Co.*, the court found that

where a party to a contract assumes a duty to the other party to a contract, and it is foreseeable that a breach of that duty will cause injury to some third person not a party to the contract, the contracting party owes a duty to all those falling within the foreseeable orbit of risk of harm.

631 P.2d 752, 756 (Okla. 1981). "Foreseeability as an element of duty establishes a 'zone of risk', that is, whether the conduct 'creates a generalized and foreseeable risk of harming others.'" *Smith v. Speligene*, 990 P.2d 312, 315 (Okla.Civ.App. 1999) (quoting *Delbrel v. Doenges Bros. Ford, Inc.*, 913 P.2d 1318, 1321 (Okla. 1996)).  When a foreseeable zone of risk is created by Defendant's conduct, "the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from harm that the risk imposes."  *Smith*, 990 P.2d at 315 (quoting *McCain v. Florida Power Corp.* 593 So.2d 500, 503 (Fla. 1992)).  When viewing foreseeablity through the eyes of the reasonably prudent person in the same or similar circumstances, the law does not require the defendant to foresee "the particular hurt that actually befell the plaintiff, but the likelihood of some such harm as he suffered."  *Bradford Sec. Processing Serv., Inc. v. Plaza Bank & Trust*, 653 P. 2d 188, 191 (Okla. 1982).

In this case, the factual issues relating to both the contractual and common law duty

include, but are not limited to, the following: (1) the proximity of the vibratory roller machine to Plaintiff Intervenor's building, (2) notice by Defendant[3], and (3) Defendant's duty to lessen the risk or take sufficient precautions.  The Court finds that genuine issues of material fact exist in these areas.  It is the sole province of the jury to make a determination of these genuine issues of material facts in order to determine whether Defendant breached its duty to Plaintiff Intervenor.

First, there is a material factual dispute relating to the proximity of the vibratory roller machine to Plaintiff Intervenor's building.  Dan Matlock, co-owner of Cherokee Color, has testified in his deposition that the vibratory roller utilized by Defendant was "rolled up against the building."  Matlock Depo. at 53, lines 10-11. Plaintiff's experts, Chris Longman and Derek Morris, each separately contend that evidence exists placing the machine within 1-2 feet from the building.  Longman affidavit, Morris affidavit.  In contrast, testimony from Ken Harris—Defendant's foreman while the vibratory roller was being used—claims that machine was not to be closer than 7 ½ feet away from the building.   Harris Depo. at page 14, lines 17-24; page 30, lines 2-24.  Dan Matlock and Plaintiff's experts support Plaintiff's and Plaintiff Intervenor's position that the work was negligently performed.  The Harris testimony supports Defendant's position that Defendant's work was performed as contemplated under the contract, i.e., without negligence.

Second, a material factual dispute exists with regard to notice.  Dan Matlock, principal of Cherokee Color, says he never received notice of the work or the potentially

---

[3]

The area has also been referred to by the parties as a failure to warn, i.e., whether Defendant failed to warn Plaintiff Intervenor about the work Defendant performed in the alley behind Plaintiff Intervenor's business.

harmful nature of the work to be performed in the alley outside of his business.  Defendant argues that Dan Matlock's wife and co-owner had knowledge of the work during the excavation portion of the project.  Defendant further asserts that a reasonably prudent contractor in Defendant's shoes would have no reason to give notice as to every aspect of the job to be performed.  There is no evidence that  the building itself, including the foundation, was damaged.

Third, a material factual dispute exists of whether Defendant met its duty to lessen the risk or otherwise take sufficient precautions to protect others from harm that the risk imposes.  Defendant claims that in order for the job to be completed as contemplated under the contract, a vibratory roller machine was necessary.  Defendant used a 1.5 ton vibratory roller machine, the smallest in the industry.  After Dan Matlock voiced his concern to Ken Harris about the vibrations, the crew completed the remainder of the job—smoothing the asphalt—without engaging the vibratory feature of the machine.  A question of fact exists as to whether the job could have been completed with less risk to third parties.

In light of the foregoing genuine issues of material fact, the Court denies Defendant's Motion for Summary Judgment.  Additionally, the Court denies Plaintiff's Motion to Strike Affidavit of Kenneth Harris.  At the end of the hearing on June 8, 2007, counsel for Plaintiff Intervenor requested this Court to extend the motion in limine deadline until parties have time to review this order.  Any desired modification to the scheduling order should be submitted by agreed application, if possible.

IT IS SO ORDERED THIS THIRTEENTH DAY OF JUNE 2007.

Sam A. Joyner
United States Magistrate Judge